## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| ILLINOIS DEPARTMENT OF | ) | SUPPLEMENTAL CLAIMS |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

### JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101 *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Nicholas Jones, has fully complied with the procedural requirements of the ADAAA.

### PARTIES

4. At all times herein mentioned, Plaintiff, Nicholas Jones (hereinafter "Plaintiff"), was employed by the Defendant Illinois Department of Corrections (hereinafter "IDOC" or "Defendant").

5. At all times herein mentioned, Defendant, IDOC, was and is believed and alleged hereon to be organized, existing, and operating within the jurisdiction of this Court. IDOC is also an employer subject to suit under the ADAAA in that Defendant is in an industry affecting

commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

6. Defendant is also an employer subject to suit under the FMLA in that it is engaged in an industry affecting commerce and had 50 or more employees within a 75-mile radius for each working day of 20 or more calendar weeks in the current and/or preceding calendar year.

## FACTUAL ALLEGATIONS

7. The IDOC operates correctional facilities in order to serve justice and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

8. Plaintiff began his employment with Defendant in January 2013.

9. At all relevant times described herein, Plaintiff was employed in the position of correctional officer. Plaintiff currently works in Dixon Correctional Center ("Dixon CC") in Dixon, Illinois.

10. Plaintiff is a disabled veteran of the United States military.

11. Plaintiff is a qualified person with respect to his employment in that, with or without a reasonable accommodation, he can perform the essential functions of his job.

12. At all material times, Plaintiff performed his job according to his employer's legitimate expectations.

13. The Illinois Code, in a section titled Executive Branch Personnel Code, 20 ILCS 415/8b.20, provides as follows:

> Veterans hospital visits. An employee who is also a veteran shall be permitted 4 days per year to visit a veterans hospital or clinic for examination of a military service-connected disability. The 4 days shall not be charged against any sick leave currently available to the employee.

14. 20 ILCS 415/8b.20 applies to Plaintiff in his position of Correctional Officer at Dixon CC.

15. Defendant is a party to a collective bargaining agreement ("CBA") applicable to Plaintiff which also provides that "[v]isits of four (4) days per year to a veterans' hospital or clinic for examination needed because of military service connected disability shall be in pay status without charge to sick leave."

16. On January 20, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on January 20, 2016 for a service-connected disability appointment at the Veterans' Affairs ("VA") hospital located in Iowa City, Iowa.

17. Plaintiff did not report to work on January 20, 2016 due to his service-connected disability appointment at the VA Hospital.

18. The Acting Warden of Dixon Correctional Center, Donald Enloe ("Enloe") denied Plaintiff's NOA slip for his January 20, 2016 appointment. By denying Plaintiff's NOA slip, Enloe prevented Plaintiff from using one (1) of his four (4) veterans' hospital visit days provided by Illinois law and the CBA.

19. Enloe's stated reason for denying Plaintiff's NOA slip on January 20, 2016 was false.

20. On or about January 27, 2016, Plaintiff submitted a request to Defendant for FMLA leave due to a serious medical condition.

21. Plaintiff's request for FMLA leave was granted.

22. Plaintiff was granted FMLA leave from December 19, 2015 through December 18, 2016 for intermittent absences two (2) to three (3) times a week for four (4) to six (6) hours to attend medical appointments for his serious medical condition.

23. On January 27, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on January 28, 2016 for a service-connected disability appointment at the Veterans' Affairs ("VA") hospital located in Iowa City, Iowa.

24. Plaintiff did not report to work on January 28, 2016 due to his service-connected disability appointment at the VA Hospital.

25. The Acting Warden of Dixon Correctional Center, Donald Enloe ("Enloe") denied Plaintiff's NOA slip for his January 28, 2016 appointment. By denying Plaintiff's NOA slip, Enloe prevented Plaintiff from using one (1) of his four (4) veterans' hospital visit days provided by Illinois law and the CBA.

26. Enloe's stated reason for denying Plaintiff's NOA slip for January 28, 2016 was false.

27. On March 1, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 1, 2016 for a medical appointment under FMLA.

28. On March 17, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 18, 2016 for a medical appointment under FMLA.

29. Enloe denied Plaintiff's NOA slip for his March 17, 2016 FMLA appointment.

30. On March 19, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 19, 2016 for a medical appointment under FMLA.

31. Enloe denied Plaintiff's NOA slip for his March 19, 2016 FMLA appointment.

32. On March 21, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 21, 2016 for a medical appointment under FMLA.

33. Enloe denied Plaintiff's NOA slip for his March 21, 2016 FMLA appointment.

34. On March 22, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 22, 2016 for a medical appointment under FMLA leave.

35. Enloe denied Plaintiff's NOA slip for his March 22, 2016 FMLA appointment.

36. On March 25, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 25, 2016 for a medical appointment under FMLA leave.

37. Enloe denied Plaintiff's NOA slip for his March 25, 2016 FMLA appointment.

38. On March 26, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 26, 2016 for a medical appointment under FMLA leave.

39. Enloe denied Plaintiff's NOA slip for his March 26, 2016 FMLA appointment.

40. On March 27, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 27, 2016 for a medical appointment under FMLA leave.

41. Enloe denied Plaintiff's NOA slip for his March 27, 2016 FMLA appointment.

42. On March 28, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on March 28, 2016 for a medical appointment under FMLA leave.

43. Enloe denied Plaintiff's NOA slip for his March 28, 2016 FMLA appointment.

44. On April 1, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on April 1, 2016 for a medical appointment under FMLA leave.

45. Enloe denied Plaintiff's NOA slip for his April 1, 2016 FMLA appointment.

46. On April 28, 2016, Plaintiff called in and subsequently submitted a notice of absence ("NOA") slip requesting to be excused on April 29, 2016 for a medical appointment under FMLA leave.

47. Enloe denied Plaintiff's NOA slip for his April 29, 2016 FMLA appointment.

48. On May 9, 2016, Enloe referred Plaintiff to the Employee Review Board for unauthorized absences including, but not limited to, on January 20, 2016, January 28, 2016, March 1, 2016, March 2, 2016, March 18, 2016, March 19, 2016, March 21, 2016, March 22, 2016, March 25, 2016, March 26, 2016, March 27, 2016, March 28, 2016, March 29, 2016, April 1, 2016 and April 29, 2016.

49. Plaintiff's employee review hearing was conducted on June 14, 2016. Plaintiff was placed on suspension pending discharge on June 16, 2016.

50. As a result of the employee review hearing regarding Plaintiff's absences held on June 14, 2016, Plaintiff was discharged from his position effective August 13, 2016.

51. As a result of Enloe's denial of Plaintiff's request to use veterans' hospital visit days and FMLA time in 2016, Plaintiff was referred to the employee review board and terminated for days that he missed work due to receiving treatment at the VA hospital.

52. Plaintiff was reinstated to his position on or about December 1, 2016.

53. However, as a result of being denied veterans' hospital visit days and FMLA time, Plaintiff did not work from June 16, 2016 through December 1, 2016.

54. Defendant's reason for refusing Plaintiff's request to use his veterans' hospital visit days is false and merely pretext for illegal discrimination.

55. Plaintiff was refused his request to use his veterans' hospital visit days and docked pay because of his disability and/or due to violations of the FMLA.

56. The Defendant failed to accommodate the Plaintiff when it did not allow his to use his veteran's hospital visit days in violation of Illinois law and the CBA.

57. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

58. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF PLAINTIFF'S**
**DISABILITY IN VIOLATION OF THE ADAAA**
**DISPARATE TREATMENT**

59. Plaintiff realleges and incorporates paragraphs one (1) through fifty-eight (58) as though fully set forth at this place.

60. Plaintiff is disabled in that he was diagnosed with PTSD and a back condition and is substantially limited in the major life activities of brain function and musculoskeletal function.

61. Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

62. Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because he is disabled.

63. Defendant's discrimination against Plaintiff was intentional.

64. Defendant discriminated against Plaintiff in the terms and conditions of employment in that he was denied the opportunity to use his veterans' hospital visit days and terminated.

65. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

66. Defendant's reason for denying Plaintiff the opportunity to use his veterans' hospital visit days and terminating his employment is false and merely pretext for illegal discrimination.

67. Defendant's actions, as described above, are in violation of ADAAA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his disability.

68. Defendant's termination of Plaintiff and/or denial of Plaintiff's FMLA leave request interfered with rights to which Plaintiff was entitled under the FMLA.

69. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
## IN VIOLATION OF THE ADAAA

70. Plaintiff realleges and incorporates paragraphs one (1) through fifty-eight (58) as though fully set forth at this place.

71. Plaintiff is disabled in that he is substantially limited in in the major life activity of brain function and musculoskeletal function.

72. Plaintiff is a qualified person with a disability in that Plaintiff can perform the essential functions of his job with a reasonable accommodation.

73. Defendant was able to provide a reasonable accommodation to Plaintiff by allowing him to visit a VA hospital for service-connected appointments.

74. Such reasonable accommodation would not cause an undue hardship on Defendant.

75. Defendant refused to provide Plaintiff with a reasonable accommodation.

76. Defendant failed to engage in the required interactive process to determine what it could do to provide Plaintiff with a reasonable accommodation.

77. Defendant's actions, as described above, are in violation of the ADAAA, as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation.

78. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT III**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT –**
**INTERFERENCE/ENTITLEMENT**

79. Plaintiff realleges and incorporates paragraphs one (1) through fifty-eight (58) as though fully set forth at this place.

80. Under the FMLA, Plaintiff was entitled to twelve workweeks of unpaid leave during any twelve-month period for his own serious medical condition if he had worked at least 1,250 hours for at least 12 months with Defendant.

81. Plaintiff met the qualifications as described in the preceding paragraph. As of the date Plaintiff's requested leave was to commence, he had worked for Defendant for more than twelve months, worked more than 1,250 hours in the last twelve months for Defendant, and was in need of leave to care for his own serious medical condition.

82. Plaintiff was entitled to all statutorily guaranteed twelve weeks of FMLA leave as of the date Plaintiff's requested leave was to commence.

83. While employed by Defendant, Plaintiff met all of Defendant's legitimate expectations.

84. Plaintiff was not a key employee, as that term is defined by the FMLA.

85. By denying Plaintiff's FMLA request and/or by preventing Plaintiff from taking his statutorily guaranteed leave, Defendant interfered with Plaintiff's statutory entitlement.

86. Defendant's actions, as described above, were willful and/or non-willful.

87. Defendant's actions, as described above, constitute a violation of the Family and Medical Leave Act ("FMLA").

88. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of

discrimination, which has caused emotional distress, lost wages and benefits, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – DISCRIMINATION/RETALIATION

89. Plaintiff realleges and incorporates paragraphs one (1) through fifty-eight (58) as though fully set forth at this place.

90. Under the FMLA, Plaintiff was entitled to twelve workweeks of unpaid leave during any twelve-month period for his own serious medical condition if he had worked at least 1,250 hours for at least 12 months with Defendant.

91. Plaintiff met the qualifications as described in the preceding paragraph. As of the date Plaintiff's requested leave was to commence, he had worked for Defendant for more than twelve months, worked more than 1,250 hours in the last twelve months for Defendant, and was in need of leave to care for his own serious medical condition.

92. Plaintiff was entitled to all statutorily guaranteed twelve weeks of FMLA leave as of the date Plaintiff's requested leave was to commence. Plaintiff was entitled to the FMLA leave he used, as described above.

93. While employed by Defendant, Plaintiff met all of Defendant's legitimate expectations.

94. Plaintiff was not a key employee, as that term is defined by the FMLA.

95. Defendant discriminated and/or retaliated against Plaintiff by terminating Plaintiff for requesting and/or for using his statutorily entitled rights under the FMLA.

96. Defendant's actions, as described above, were willful and/or non-willful.

11

97. Defendant's actions, as described above, constitute a violation of the FMLA.

98. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has caused emotional distress, lost wages and benefits, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nicholas Jones, by and through his attorneys, Ed Fox & Associates, Ltd., requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

          BY:    s/ Jonathan R. Ksiazek
                   Jonathan R. Ksiazek
                   ED FOX & ASSOCIATES, LTD.
                   Attorneys for Plaintiff
                   300 West Adams, Suite 330
                   Chicago, Illinois 60606
                   (312) 345-8877
                   jksiazek@efoxlaw.com